UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7405-GW-SKx | Date | November 8, 2021 |
|---|---|---|---|
| Title | *Ernesto Delgado v. Kloeckner Metals Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicholas Rosenthal | Daniel Chammas |

**PROCEEDINGS:** **TELEPHONIC HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT [27]**

Court hears oral argument. The Court's Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is denied. A renewed application is to be filed by November 29, 2021. A hearing on the motion is set for December 13, 2021 at 8:30 a.m.

|  | : | 02 |
|---|---|---|
|  | Initials of Preparer | JG |

***Delgado v. Kloeckner Metals Corp.***, Case No. 2:20-cv-07405-GW-(SKx)
Tentative Ruling on Motion for Preliminary Approval of Class and Representative Action Settlement

 

Ernesto Delgado ("Plaintiff") moves, unopposed, for preliminary approval of a $465,000 non-reversionary, no-claim-required, settlement, including certification of a class for settlement purposes only, in this lawsuit he filed against Kloeckner Metals Corporation ("Defendant"). The Complaint, filed June 10, 2020, sets out six causes of action: 1) violation of Labor Code §§ 226.7 and 512; 2) violation of Labor Code § 226.7; 3) violation of Labor Code § 226(a); 4) violation of Labor Code §§ 201-203; 5) violation of Cal. Labor Code §§ 2698, et seq.; and 6) violation of Business and Professions Code § 17200, et seq. At this point in time, there are a few obvious problems with Plaintiff's submission that would prevent the Court from granting the motion, as-presented. The Court will briefly discuss those issues below and offer Plaintiff an opportunity to submit supplemental briefing addressing them before it engages in a full-consideration of Plaintiff's attempt to achieve preliminary approval of the proposed settlement.

Plaintiff seeks a settlement-only certification of a class of "[a]ll persons employed by Defendant as an hourly non-exempt employee during the Class Period [April 6, 2016 through October 4, 2021]," Docket No. 27-5, at 2:27-3:3, and preliminary approval of a proposed settlement of the action. Class certification has not yet occurred in this case. "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

The first problem with Plaintiff's motion is that it appears to fail entirely to account for – at least in any express or clear way – amendments in 2018 to Rule 23(e). *See, e.g.*, *McKinney-Drobnis v. Oreshack*, _ F.4th _, 2021 WL 4890277, *10 (9th Cir. Oct. 20, 2021). Instead, the motion relies on case law, secondary materials and standards discussing/governing preliminary approval that pre-date those changes to the rule.

1

Although analysis of the factors the Ninth Circuit has commonly found applicable to preliminary approval of a class settlement would appear to largely encompass the considerations the amended Rule 23 makes prominent, *see, e.g.*, *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 n.10 (9th Cir. 2020), that is not always the case; and Plaintiff's brief does not so much as acknowledge the existence of the recently-amended Rule 23. Until Plaintiff accounts for the amended Rule 23 and structures his presentation on his motion to address the new Rule, the Court will not further-consider his motion.[1]

Second, in order to achieve even a settlement-only certification, Plaintiff must be able to satisfy the Rule 23(a) and (b)(3) requirements for the Class. The Court questions Plaintiff's Rule 23(a)(2) commonality showing in at least one respect, as follows.

As noted previously, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to *prove* that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis added); *see also Kurihara v. Best Buy Co., Inc.*, No. C 06-01884 MHP, 2007 WL 2501698, *10 (N.D. Cal. 2007) ("[A] mere allegation of a company-wide policy does not compel class certification."). Here, Plaintiff admits that he does not have evidence of a common policy concerning his rest-period claim, the second cause of action in his Complaint.[2] While he makes this admission in the course of explaining why the risks in his case supported coming to a negotiated-resolution that he considers reasonable, *see* Docket No. 27, at 18:18-21:13, he does not explain-away this apparent problem when he arrives at his – abbreviated – discussion of why he believes he nevertheless satisfies Rule 23(a)(2)'s commonality requirements, *see id.* at 24:20-25:7.

Plaintiff notes that he "alleged that there was a company policy prohibiting employees from leaving the work premises during rest periods." *Id.* at 20:16-18 (emphasis added); *see also id.* at 24:24-26 ("Here, Plaintiff contends that his claims for

---

[1] Plaintiff may also wish to consider the continued vitality of any rule presuming the reasonableness of a settlement following the recent amendments to Rule 23. *See, e.g.*, *Roes, 1-2 v. SFBSC Mgmt., Inc.*, 944 F.3d 1035, 1049 n.12 (9th Cir. 2019); *Briseño v. Henderson*, 998 F.3d 1014, 1030 (9th Cir. 2021); *see also* Docket No. 27, at 15:28-16:10.

[2] In truth, Plaintiff does not appear to have submitted with his motion *any* evidence that *any* of the purported practices Defendant engages in were *common*. Instead, he offers only assertions in his brief about what the evidence shows. *See* Docket No. 27, at 19:13-22, 20:8-10, 20:20-22, 20:28-21:2. Defendant has not opposed the motion, however, so there is no reason for the Court to conclude that Plaintiff would be unable to prove what he asserts he *can* prove commonly.

meal and rest period premiums, and penalties for wages owed at separation of employment are suited for class treatment."). Yet, he also concedes that "after engaging in discovery on the issue, Defendant denied that there was any such policy and no written document laid out any such policy." *Id.* at 20:20-22.

*Dukes* makes clear that a plaintiff cannot simply "contend" that there are issues that are common to all members of the class, nor may he simply cite to allegations in his Complaint to support the contentions. *Whether* an employer has a company-wide policy or practice is not itself a common question within the meaning of *Dukes*, because "'[w]hat matters to class certification . . . is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Id.* (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L. Rev. 97, 132 (2009)). If there is a need to ask each of the class members *whether* a defendant has a particular policy, the Court does not understand that process as one that has "the capacity . . . to generate common *answers*." Instead, it would lead to a person-by-person investigation.

Moreover, "[t]he predominance inquiry [established by virtue of Fed. R. Civ. P. 23(b)(3)] requires that plaintiff demonstrate common questions predominate *as to each cause of action* for which plaintiff seeks class certification." *Petersen v. Costco Wholesale Co., Inc.*, 312 F.R.D. 565, 579 (C.D. Cal. 2016) (emphasis added); *see also Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 521 (C.D. Cal. 2015); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 241 (N.D. Cal. 2014). Even ignoring the fact that the predominance discussion in Plaintiff's brief is only two sentences long, *see* Docket No. 27, at 25:22-26, the Court has a difficult time understanding how the predominance requirement could be satisfied with respect to the Complaint's rest-break claim when, as noted above, it is unclear whether there *even is* a common question as to that claim.

Plaintiff's rest-break claim is the aspect of the case where he calculates the highest estimated value. *See id.* at 17:21-18:12. Yet, as the foregoing demonstrates, he does not appear to have presented a sufficient basis for the Court to conclude that he can satisfy either Rule 23(a)(2) or Rule 23(b)(3) in order to achieve certification of a class with respect to such a claim.

Next, Plaintiff's discussion of "superiority," another requirement of Rule

3

23(b)(3), presents no discussion of the particular considerations reflected in subparagraphs (A) through (D) of that portion of the Rule. *See id.* at 26:1-8. The Court expects a more-robust effort on that topic than what Plaintiff has provided thus far.[3]

Next, Plaintiff asserts in his motion that "[t]his was a highly contentious litigation" and that "the Parties engaged in substantial motion practice," *id.* at 15:1-5, but does not flesh-out his assertions in that regard. If Plaintiff actually believes that to be true about this case, the Court would expect something more of an explanation than presently-advanced.

Finally, the Court notes that in the Notice of Removal Defendant asserts that its principal place of business is in Georgia. *See* Notice of Removal ¶ 16. Yet, Plaintiff's case is based entirely on California law, but his proposed class – at least, as reflected in the proposed order submitted with this motion, *see* Docket No. 27-5, at 2:27-3:3, in contrast with his Complaint, *see* Complaint ¶¶ 17(a)-(e) – is *not* limited to individuals working for Defendant *in California*. The Court would expect Plaintiff to address this issue in any further submission as well.

Until Plaintiff satisfactorily addresses the foregoing points and observations (or demonstrates that, under controlling law, the Court is wrong to be concerned about them), the Court will not grant his motion. The Court will discuss a schedule for supplemental briefing at the hearing on this motion.

---

[3] The Court notes that, while paragraph 5 of Plaintiff's proposed order on this motion, see Docket No. 27-5, reflects findings concerning numerosity, typicality, adequacy and whether or not the class members are "ascertainable," there is no mention in the proposed order of any finding regarding commonality, predominance or superiority. Perhaps this is just a coincidence, but it is somewhat strange that those are the three elements of Rules 23(a) and 23(b)(3) that the Court has found reason to question herein.